SUMMARY ORDER

Sue Zhen Chen, a native and citizen of the People’s Republic of China (“China”), seeks review of a November 8, 2007 order of the BIA, affirming the August 11, 2004 decision of Immigration Judge (“IJ”) Roxanne C. Hladylowycz, which pretermitted her application for asylum and denied her application for withholding of removal and relief under the Convention against Torture (“CAT”). In re Sue Zhen Chen, No. A097 849 336 (B.I.A. Nov. 8, 2007), aff'g No. A097 849 336 (Immig. Ct. N.Y. City Aug. 11, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the decision of the IJ, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Notwithstanding the Government’s argument that we lack jurisdiction to review the IJ’s pretermission of Chen’s asylum application under 8 U.S.C. § 1158(a), we assume hypothetical jurisdiction over that application because the jurisdictional issues presented here are complex, and because the substance of that application is without merit. See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction when the jurisdictional issues related to statutory and not constitutional jurisdiction); see also Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 338 (2d Cir.2006) (“Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.”).
We conclude that the agency did not err in denying Chen’s applications for relief. Chen argues that the agency improperly failed to provide an individualized analysis of her claim, as required by Jian Hui Shao v. Mukasey, 546 F.3d 138, 142 (2d Cir.2008), and further argues that the BIA’s reliance on Matter of J-W-S- 24 I. & N. Dec. 185 (BIA 2007), and Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), to dismiss the evidence she submitted was improper, because the record does not contain documents on which the BIA relied in those cases to conclude that foreign-born children are not counted for purposes of the family planning policy. Those arguments are unavailing. We have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at 169 (internal quotation marks omitted), and “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006); cf. Xiao Kui Lin v. Mukasey, 553 F.3d 217, 220 (2d Cir.2009) (granting a petition for review because the BIA *94 used flawed reasoning, engaged in impermissible factfinding, and failed to make an individualized assessment of an applicant’s claimed fear of sterilization for having more than one foreign-born child). Even assuming the veracity of Chen’s contention that foreign-born children are counted towards the family planning quota, the BIA reasonably found that she failed to demonstrate that any sanctions she faces rise to the level of persecution. The BIA reasonably found that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. See Jian Hui Shao, 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian province did not necessarily amount to “physical or mental coercion”). While we have recognized that, in some circumstances, “severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization,” id. at 161-62, the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner’s return to China. To the extent that Chen relies on the documents that we considered in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006), to support her arguments, those documents are not in the record before this Court, and we will not remand for the BIA to consider extra-record evidence. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).